IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:20-cr-00027 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TYRONE LEE GRAVELY ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Tyrone Lee Gravely's *pro se* motion for early termination of supervised release. (Dkt. No. 70.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Gravely's motion. The court will grant Gravely's motion.[1]

I. BACKGROUND

On April 14, 2021, Gravely pleaded guilty to possession with intent to distribute Fentanyl and possession of a firearm while being an unlawful user of a controlled substance (Count 1 of an Indictment and Count 1 of an Information). (Dkt. No. 45.) He was sentenced to time served (approximately 19 months imprisonment) for both followed by three years' supervised release for both to run concurrently. (Dkt. No. 66.)

Mr. Gravely began his term of supervision on April 26, 2022.

On March 25, 2024, Gravely filed a *pro se* motion for early termination of his remaining supervised release term. Gravely has not violated the terms of his supervised release, has maintained full-time employment, has had stable housing, and all drug screens have been negative. All fines and fees related to his underlying offense conduct have been paid in full.

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Gravely's offense was serious, he has served his sentence and the half-way point of his supervised release term has passed.

The court finds that there is no longer a need to protect the public or to deter Gravely from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Gravely's motion for early termination of his supervised release.

## III.  CONCLUSION

For the foregoing reasons, Gravely's motion for early termination of supervised release (Dkt. No. 70) will be granted.  The court will issue an appropriate order.

Entered: April 2, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge